PETROVE v GRAND TRUNK WESTERN RAILROAD COMPANY
(ON REMAND)

Docket No. 139039. Submitted March 28, 1991, at Lansing. Decided
May 7, 1991, at 10:45 A.M. Leave to appeal sought.

David B. Petrove, for himself and as next friend of Kyle J.
Petrove, a minor, and Deborah D. Petrove brought a negligence
action in the Oakland Circuit Court against the Grand Trunk
Western Railroad Company for injuries sustained when an
automobile driven by Deborah D. Petrove collided with one of
the defendant's trains. The court, Fred M. Mester, J., entered
judgment following a jury verdict for the plaintiffs which found
Deborah Petrove to be sixty-six percent negligent. The Court of
Appeals affirmed, holding that it was within the trial court's
discretion to instruct the jury with regard to the last clear
chance doctrine and that even if the instruction should not
have been given, it did not result in substantial injustice. 174
Mich App 705 (1989). The Supreme Court vacated the judgment
of the Court of Appeals, holding that it was error for the trial
court to instruct the jury regarding the last clear chance
doctrine in light of the adoption of comparative negligence, and
remanded for further consideration of whether the error re-
quires a new trial. 437 Mich 31 (1991).

On remand, the Court of Appeals held:

No substantial injustice requiring a new trial resulted from
the erroneous instruction. The instructions as a whole, as well
as the special verdict, reveal that the jury complied with the
principles of comparative negligence in finding the defendant
negligent, but the plaintiff motorist to be sixty-six percent
negligent.

Affirmed.

*James R. Porritt, Jr.,* for the plaintiffs.

*Beier Howlett, P.C.* (by *Gerald G. White* and
*Robert G. Waddell*), for the defendant.

ON REMAND

Before: HOOD, P.J., and WAHLS and MURPHY, JJ.

PER CURIAM. Defendant appealed as of right from a substantial jury verdict for plaintiffs, which was reduced by a settlement setoff and the jury's finding that plaintiff Deborah Petrove was sixty-six percent at fault. In its February 7, 1989, opinion, this Court affirmed the jury verdict, concluding in part that the trial court did not commit error requiring reversal by instructing the jury with regard to the last clear chance doctrine, SJI2d 14.01. *Petrove v Grand Trunk Western R Co,* 174 Mich App 705, 710-711; 436 NW2d 733 (1989). Specifically, the Court held:

> In the present case, there was evidence that at least one of defendant's employees had notice that plaintiff driver was helpless or inattentive prior to the accident. Furthermore, there was also some evidence that the operators of the train could have avoided the collision. Thus, it was within the trial court's discretion to instruct on the last clear chance doctrine. Moreover, even if the last clear chance instruction was inappropriate, we find that the instruction did not result in substantial injustice to defendant. *Willoughby* [*v Lehrbass,* 150 Mich App 319, 336; 388 NW2d 688 (1986).] [174 Mich App 711.]

In *Petrove v Grand Trunk Western R Co,* 437 Mich 31; 464 NW2d 711 (1991), the Supreme Court determined that the trial court erred in instructing the jury with regard to the last clear chance doctrine. The Court indicated, however, that it could not determine whether the error was harmless. Consequently, the Court vacated the judgment of this Court and remanded the case to us for further consideration and explanation of whether the error requires a new trial. For the reasons expressed in *Callesen v Grand Trunk Western R Co,* 175 Mich App 252; 437 NW2d 372 (1989), we again conclude that the erroneous in-

struction did not result in substantial injustice to defendant, and therefore affirm.

In *Callesen,* this Court determined that it was error to instruct the jury with regard to the last clear chance doctrine in light of this state's adoption of comparative negligence principles. 175 Mich App 259-263. However, the Court explained that this instructional error was nevertheless harmless since the notions of last clear chance are proper factors for the jury to consider in apportioning damages according to the degree of each party's fault. The jury's special verdict clearly evidenced compliance with comparative negligence principles, and thus the Court concluded that substantial injustice did not result from the instructional error. *Id.*

> For these reasons, we conclude that the instruction given in the instant case on the last clear chance doctrine was error. The error, however, does not require reversal because it did not result in a jury verdict inconsistent with substantial justice. MCR 2.613(A); *Johnson* [*v Corbet,* 423 Mich 304, 327; 377 NW2d 713 (1985)]. The instruction given would not have allowed a full recovery despite plaintiff Russell Callesen's own negligence. The instruction only provided that the plaintiff may still recover if the components of the last clear chance doctrine were found. Both the instructions as a whole and the special verdict form required the jury to determine if plaintiff was negligent and the percentage of fault attributable to the plaintiff in accordance with Michigan's comparative negligence system. Since the jury did proceed in this manner and found plaintiff to be fifty-five percent negligent, we can find no injustice and, therefore, affirm the jury verdict. This result demonstrates just how superfluous the doctrine of last clear chance is. In effect, the doctrine of last clear chance was ignored and the case was decided

on a comparative negligence basis. [175 Mich App 263.]

In this case, as in *Callesen,* the instructions as a whole, as well as the special verdict, reveal that the jury complied with the principles of comparative negligence. The jury not only found defendant negligent, but determined that plaintiff Deborah Petrove was sixty-six percent at fault for her injuries.

Accordingly, we find that no substantial injustice resulted. We therefore affirm the jury's verdict in favor of plaintiffs.

Affirmed.