MALLORY v CITY OF DETROIT

Docket No. 99835. Submitted December 8, 1988, at Detroit. Decided August 23, 1989.

Deforest Mallory died on January 24, 1984. Plaintiffs, Cleo Mallory, individually and as personal representative of the estate of Deforest Mallory, deceased, Frances Mallory, and others, brought an action in the Wayne Circuit Court against defendants, City of Detroit, certain Emergency Medical Services technicians and Detroit Police officers, and others, alleging that the decedent died as a result of a delay in dispatching an emergency vehicle to the deceased. The trial court, Claudia House Morcom, J., granted defendants summary disposition on the ground that defendants were immune from liability pursuant to MCL 333.20737; MSA 14.15(20737) and the holding in *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567 (1984), regarding governmental immunity. Plaintiffs appealed.

The Court of Appeals *held:*

1. The trial court properly found that § 20737 provides immunity for the defendants. Plaintiffs have not stated a claim for willful and wanton misconduct or gross negligence. At most, plaintiffs' complaint alleged negligence.

2. The trial court did err in granting summary disposition to defendants on the alternative ground of governmental immunity under *Ross.* Defendants filed their motion after *Ross* was decided and did not properly raise and preserve the issue. Since defendants were properly granted summary disposition under § 20737, this error does not require reversal.

3. The trial court properly granted defendant's motion for summary disposition on plaintiffs' claim of a breach of an express or implied contract.

4. The trial court did not err in denying plaintiffs' motion to amend their complaint to allege an implied contract and third-party-beneficiary contract.

Affirmed.

REFERENCES

Am Jur 2d, Negligence §§ 112-114, 117, 209; Pleading §§ 90, 310-312.
Construction and application of "Good Samaritan" statutes. 68 ALR4th 294.

1. NEGLIGENCE — IMMUNITY FROM LIABILITY — EMERGENCY MEDICAL SERVICES.

   Emergency medical service personnel are granted immunity from liability unless their acts or omissions are the result of gross negligence or willful misconduct (MCL 333.20737; MSA 14.15[20737]).

2. NEGLIGENCE — WILLFUL AND WANTON MISCONDUCT.

   Willful and wanton misconduct requires a showing that the conduct alleged shows an intent to harm or such indifference to whether harm will result as to be the equivalent of a willingness that it result.

3. NEGLIGENCE — GROSS NEGLIGENCE.

   Gross negligence occurs where a plaintiff's prior negligence puts him in a position of danger and the defendant's subsequent negligence causes plaintiff's injury.

4. GOVERNMENTAL IMMUNITY — PRESERVING QUESTION.

   The Supreme Court's decision in *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567 (1984), applies to all cases commenced after January 22, 1985, and to those cases then pending either in trial or appellate courts in which a governmental immunity issue was properly raised and preserved.

5. PLEADING — IMPLIED CONTRACTS — PREEXISTING DUTY.

   The essential elements of a contract are parties competent to contract, a proper subject matter, legal consideration, mutuality of agreement, and mutuality of obligation; an implied contract must also satisfy the elements of mutual assent and consideration; where there is a preexisting duty to perform some action there can be no consideration for an implied contract and, therefore, no contract.

6. MOTIONS AND ORDERS — AMENDMENT OF COMPLAINT — APPEAL.

   A motion to amend a complaint should be denied only for such specific reasons as futility, failure to cure deficiencies by prior amendments, undue delay, prejudice to the nonmoving party, bad faith, or dilatory motive by the moving party; a trial court's decision on such a motion will not be reversed absent an abuse of discretion that results in injustice.

*Stern & Cohan* (by *Kenneth A. Stern*), for plaintiffs.

*Donald Pailen*, Corporation Counsel, and *Laurel*

*F. McGiffert,* Assistant Corporation Counsel, for defendants.

Before: WAHLS, P.J., and McDONALD and C. W. SIMON, JR.,* JJ.

PER CURIAM. Plaintiffs appeal as of right the Wayne Circuit Court's order granting defendants' motion for summary disposition based on statutory and governmental immunity and denying plaintiffs' motion for leave to file a fourth amended complaint.

On January 24, 1984, Deforest Mallory died allegedly as a result of a delay in dispatching an emergency vehicle. Plaintiffs claim that individual EMS technicians failed to respond promptly to an emergency call and failed to effect proper care once they arrived at the scene. The trial court granted summary disposition on the ground that defendants were immune from liability pursuant to MCL 333.20737; MSA 14.15(20737) and *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984), reh den 421 Mich 1202 (1985).

We find that the trial court did not err in granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(7), (8), and (10). The individual EMS personnel and defendant City of Detroit are immune from liability under MCL 333.20737; MSA 14.15(20737), which provides:

> When performing services consistent with the individual's training, acts or omissions of an ambulance attendant, emergency medical technician, emergency medical technician specialist, or advanced emergency medical technician do not impose liability on those individuals in the treatment of a patient when the service is performed outside

---

* Circuit judge, sitting on the Court of Appeals by assignment.

a hospital. Such acts or omissions also do not impose liability on the authorizing physician or physician's designee, the person providing communications services or lawfully operating or utilizing supportive electronic communications devices, the ambulance operation, the hospital or an officer, member of the staff, nurse, or other employee of the hospital, or the authoritative governmental unit or units. All persons named in this section, and emergency personnel from outside the state, are protected from liability unless the act or omission was the result of gross negligence or wilful misconduct.

Interpreting this statute's predecessor, this Court has found that this type of statute applies to vicarious or derivative liability actions brought against the City of Detroit. *Thornhill v Detroit*, 142 Mich App 656, 662-663; 369 NW2d 871 (1985).

Plaintiffs point out that § 20737 provides for immunity only if defendants are performing services "consistent with the individual's training." Plaintiffs claim that defendants failed to use the skill, care and knowledge ordinarily employed by EMS and other emergency medical technicians in rendering emergency aid in transport and by failing to properly evaluate and administer proper medical treatment as required by state statutes, bylaws, and EMS accreditation rules. Plaintiffs contend that their allegations are sufficient to render § 20737 inapplicable. We disagree.

In interpreting the statute, we apply the following rules of statutory construction.

(1) [W]hen a statute is unambiguous, further construction is to be avoided; (2) if an ambiguity exists, the intent of the Legislature must be given effect; (3) a construction which best accomplishes the statute's purpose is favored; (4) statutes are to be interpreted as a whole and construed so as to

give effect to each provision; (5) specific words in a statute are given their ordinary meaning unless a different interpretation is indicated; and (6) respectful consideration is to be given to the construction of a statute used by those charged with its application. [*Kubick v Child & Family Services of Michigan, Inc,* 171 Mich App 304, 307-308; 429 NW2d 881 (1988).]

We find that § 20737 provides immunity for defendants. In construing the statute in its entirety, we hold that the unambiguous language and clear intent of the Legislature is to grant emergency personnel immunity unless their acts or omissions are the result of gross negligence or wilful misconduct. Plaintiffs' complaint essentially avers acts and omissions sounding in negligence. Should we find that plaintiffs' allegations are sufficient to render § 20737 inapplicable, we would be holding that the last sentence of the statute is meaningless and would thereby subvert the intent of the Legislature.

Further, plaintiffs contend that they adequately pled wilful and wanton misconduct and gross negligence sufficient to avoid immunity under § 20737. As noted above, we find that plaintiffs have not stated a claim for wilful and wanton misconduct or gross negligence. Wilful and wanton misconduct requires a showing that the conduct alleged shows an intent to harm or such indifference to whether harm will result as to be the equivalent of a willingness that it result. *Burnett v City of Adrian,* 414 Mich 448, 455; 326 NW2d 810 (1982); *Higgins v Detroit Osteopathic Hospital Corp,* 154 Mich App 752, 761; 398 NW2d 520 (1986), lv den 428 Mich 911 (1987). In order to properly allege gross negligence, plaintiffs must plead defendants' subsequent negligence. Gross negligence occurs where a plaintiff's prior negligence puts him in a

position of danger and the defendant's subsequent negligence causes plaintiff's injury. *Thomason v Olive Branch Masonic Temple,* 156 Mich App 736, 744; 401 NW2d 911 (1986).

In the instant case, there is no indication that defendants' acts constituted gross negligence or wilful and wanton misconduct. At most, plaintiffs' complaint alleges negligence. There is no evidence to show that defendants intended harm or were so indifferent to whether harm would result as to be the equivalent of a willingness that harm result. Further, there is no allegation of prior negligence by any plaintiff (including the decedent). Allegations that defendants failed to respond promptly to an emergency call and failed to adequately train and hire EMS employees and staff do not constitute properly pled allegations of gross negligence and wilful misconduct.

The trial court did err in granting summary disposition to defendants on the alternate ground of immunity under *Ross.* Plaintiffs filed their initial complaint in this matter in August, 1984. The *Ross* decision was released on January 22, 1985. Defendants filed their motion for summary disposition on the ground of governmental immunity on January 29, 1987. In *Hyde v University of Michigan Board of Regents,* 426 Mich 223, 230; 393 NW2d 847 (1986), our Supreme Court declared that *Ross* would apply to all cases commenced after January 22, 1985, and to those cases then pending either in trial or appellate courts in which a governmental immunity issue "was properly raised and preserved." See *Stein v Southeastern Michigan Family Planning Project, Inc,* 432 Mich 198, 201; 438 NW2d 76 (1989). A governmental entity which failed to assert a defense of governmental immunity before *Ross* was decided did not properly raise and preserve the issue. *Stein, supra*

at 203. However, since defendants were properly granted summary disposition under § 20737, as discussed above, this error does not require reversal.

Plaintiffs further allege that the trial court erred in granting defendants' motion for summary disposition on their claim of a breach of express or implied contract. Plaintiffs allege that a contract was created when plaintiffs telephoned EMS for assistance and EMS promised that an ambulance was on the way. Plaintiffs argue that their telephone calls constitute an acceptance of defendants' general offer to provide emergency medical services. We disagree.

The essential elements of a contract are parties competent to contract, a proper subject matter, legal consideration, mutuality of agreement, and mutuality of obligation. *Borg-Warner Acceptance Corp v Dep't of State,* 169 Mich App 587, 590; 426 NW2d 717 (1988). An implied contract must also satisfy the elements of mutual assent and consideration. Where a defendant has a preexisting duty to provide the decedent with medical health services, there can be no contract. *Penner v Seaway Hospital,* 169 Mich App 502, 511; 427 NW2d 584 (1988). MCL 333.20715; MSA 14.15(20715) establishes a duty upon defendants to provide emergency medical services to all persons in need of such treatment without regard to their ability to pay. Thus, even assuming an offer and acceptance, we find that plaintiffs' breach of contract claim fails because defendants owed a preexisting duty to provide emergency medical services.

Finally, plaintiffs allege that the trial court erred in denying plaintiffs' motion to file a fourth amended complaint. Specifically, plaintiffs allege that the trial court erred in failing to find that justice would not be served by granting the

amendment. Plaintiffs allege that their fourth amended complaint would set forth a cause of action under an implied third-party-beneficiary contract. The trial court found that the amendment was futile and that undue delay and repeated prior attempts to cure deficiencies militated against amendment, and we agree.

A motion to amend a complaint should be denied only for such specific reasons as futility, failure to cure deficiencies by prior amendments, undue delay, prejudice to the nonmoving party, bad faith, or dilatory motive by the moving party. *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 656; 213 NW2d 134 (1973); *Muilenberg v Upjohn Co,* 169 Mich App 636, 645; 426 NW2d 767 (1988). This Court will not reverse the trial court's decision absent an abuse of discretion that results in injustice. *Ben P Fyke & Sons, supra* at 658.

We find that the trial court did not err in denying plaintiffs' motion to amend their complaint to allege an implied contract and third-party-beneficiary contract. Approximately 2½ years after plaintiffs initiated the present suit, plaintiffs are attempting to amend their complaint for the fourth time. Plaintiffs allege that the trial court should grant the motion to amend because of the volatile nature of governmental immunity. Yet plaintiffs fail to cite any specific changes in the law warranting amendment. We find that the trial court has been more than liberal in allowing plaintiffs to amend their complaint. The trial court was justified in denying plaintiffs' motion to amend for undue delay and repeated prior attempts to cure deficiencies. Further, plaintiffs' amendment would be futile. As discussed above, any breach of contract claim is precluded because of defendants' preexisting duty to provide emergency care.

Affirmed.