PETROVE v GRAND TRUNK WESTERN RAILROAD COMPANY

Docket No. 85566. Argued October 3, 1990 (Calendar No. 8). Decided
    February 1, 1991. Rehearing denied *post,* 1250.

   David B. Petrove, for himself and as next friend of Kyle J.
    Petrove, a minor, and Deborah D. Petrove brought a negligence
    action in the Oakland Circuit Court against the Grand Trunk
    Western Railroad Company for injuries sustained when the car
    Deborah was driving collided with a train. The court, Fred M.
    Mester, J., entered judgment following a jury verdict for the
    plaintiffs which found the motorist to be sixty-six percent
    negligent. The Court of Appeals, CYNAR, P.J., and HOOD and
    MURPHY, JJ., affirmed in an opinion per curiam, holding that it
    was within the trial court's discretion to instruct the jury with
    regard to the last clear chance doctrine and that even if the
    instruction should not have been given, it did not result in
    substantial injustice (Docket No. 100796). The defendant ap-
    peals.

   In a memorandum opinion, signed by the six participating
    justices, the Supreme Court *held:*

   It was error for the trial court to instruct the jury regarding
    the last clear chance doctrine, requiring vacation of the judg-
    ment of the Court of Appeals and remand to that Court for
    further consideration of whether the error requires a new trial.

   Vacated and remanded.

   174 Mich App 705; 436 NW2d 733 (1989) vacated.

*James R. Porritt, Jr.,* for the plaintiffs.

*Beier Howlett, P.C.* (by *Gerald G. White* and
*Robert G. Waddell*), for the defendant.

Amicus Curiae:

*Mark Granzotto, Monica Linkner,* and
*Charles P. Burbach,* for the Michigan Trial Law-
yers Association.

MEMORANDUM OPINION. We granted leave to appeal in this case to determine whether the trial court erred in instructing the jury regarding the doctrine of "last clear chance." After considering this matter, we are persuaded that it was error to give such an instruction. We therefore vacate the judgment of the Court of Appeals and remand the case to that Court for further consideration of the issue whether the error requires a new trial.

This case arises from a collision between an automobile driven by the plaintiff motorist and a train belonging to the defendant railroad. The plaintiffs[1] and the defendant cite a variety of causes for the accident and for the motorist's resulting injuries. Among the causes listed by each side is the other's failure to approach the accident scene with sufficient caution.

The jurors were instructed to apply principles of comparative negligence. They were also instructed with regard to the doctrine of "last clear chance."[2]

The jurors decided this case by answering six specific questions. They found that (1) the railroad had been negligent, (2) the railroad's negligence had been a proximate cause of the motorist's injuries, (3) damages to the motorist and her family totaled $2,310,000, (4) the motorist had also been negligent, (5) the motorist's negligence had been a proximate cause of her own injuries, and (6) of the combined negligence that caused injury to the motorist, sixty-six percent was attributable to her. In accordance with the jury's verdict, the circuit court entered judgment for the plaintiffs.[3]

The Court of Appeals affirmed. *Petrove v Grand*

---

[1] Members of the motorist's family have presented derivative claims.

[2] The instruction was based upon SJI2d 14.01.

[3] The jury's verdict was reduced by a setoff reflecting pretrial settlements with other defendants.

*Trunk W R Co,* 174 Mich App 705; 436 NW2d 733 (1989). The Court said that "it was within the trial court's discretion to instruct on the last clear chance doctrine." It added that, even if the instruction should not have been given, it "did not result in substantial injustice to defendant." *Id.,* p 711.

This Court then granted leave to appeal. 434 Mich 900 (1990).

The principal issue is whether it was error to instruct the jury regarding the doctrine of "last clear chance." This question was addressed in *Callesen v Grand Trunk W R Co,* 175 Mich App 252, 259-263; 437 NW2d 372 (1989). In *Callesen,* the Court of Appeals explained that such an instruction was error, in light of this state's adoption of comparative negligence. We find this portion of the Court of Appeals analysis in *Callesen* to be persuasive, and we adopt it as our own.[4] We therefore find, in the present case, that the circuit court erred when it instructed the jury with regard to "last clear chance."

In *Callesen,* the Court of Appeals determined that the "last clear chance" instruction, though error, was harmless. 175 Mich App 263. That conclusion was supported by a detailed analysis. In the present case, the Court of Appeals concluded that the instruction did not result in substantial injustice to defendant, but omitted an explanation of its reasoning with respect to this important point. Without an explanation of the Court's reasoning regarding this close and significant question, we are unable to determine whether we agree with the Court's conclusion.

---

[4] We also find persuasive, and adopt, the panel's conclusion that notwithstanding the rejection of the last clear chance instruction, "[a] party may properly argue to the jury that the other party had the greater percentage of negligence because he or she had the last clear chance to avoid injury." 175 Mich App 262.

For these reasons, we vacate the judgment of the Court of Appeals, and we remand the case to that Court for further consideration of the issue whether the error of instructing the jury with regard to "last clear chance" requires a new trial.

We do not retain jurisdiction.

CAVANAGH, C.J., and LEVIN, BRICKLEY, BOYLE, RILEY, and GRIFFIN, JJ., concurred.

MALLETT, J., took no part in the decision of this case.