ABRAHAM v JACKSON

Docket No. 115525. Submitted December 20, 1990, at Detroit. Decided
May 20, 1991, at 9:25 A.M.

Willie J. Abraham, as personal representative of the estate of
Hattie B. Phelps, deceased, brought an action in the Wayne
Circuit Court on April 21, 1988, alleging negligence and gross
negligence on the parts of Robert A. Jackson and Gail E.
Hawkins, emergency medical technicians employed by the City
of Detroit who, on August 30, 1985, had transported the dece-
dent by ambulance to a hospital after she suffered a heart
attack that proved fatal on September 8, 1985. The court,
Michael L. Stacey, J., granted the defendants summary disposi-
tion of the negligence claim on the basis of governmental
immunity, but denied a similar motion with respect to the
gross negligence claim. The defendants appealed by leave
granted.

The Court of Appeals *held:*

The trial court erred in denying summary disposition of the
gross negligence claim.

1. The trial court erred in relying on MCL 691.1407; MSA
3.996(107), as amended by 1986 PA 175, which, in excluding
gross negligence by individuals from governmental immunity
from tort liability, defines gross negligence as conduct so reck-
less that it demonstrates a substantial lack of concern with
regard to whether an injury results. Section 3 of 1986 PA 175
provides that the statute as amended does not apply to causes
of action arising before July 1, 1986. The cause of action in this
case arose either on August 30, 1985, when the decedent
received emergency medical services from the defendants, or on
September 8, 1985, when she died.

2. The trial court should have applied the immunity test set
forth in *Ross v Consumers Power Co (On Rehearing),* 420 Mich
567 (1984), which provided that lower-level governmental em-

REFERENCES

Am Jur 2d, Hospitals and Asylums §§ 16, 20-22; Municipal, County,
School, and State Tort Liability § 200.
Liability for injury or death allegedly caused by activities of hospi-
tal "rescue team". 64 ALR4th 1200.

ployees were immune from tort liability, including liability for gross negligence, when they were acting or reasonably believed they were acting during the course of their employment, within the scope of their authority, in good faith, and were performing discretionary, as opposed to ministerial, acts. In this case, there was no question that the defendants acted in the course of their employment and within the scope of their authority. Furthermore, the services they rendered to the decedent involved significant discretionary medical judgment rather than ministerial decision making. The defendants therefore were entitled to immunity from the plaintiff's gross negligence claim.

3. MCL 333.20737; MSA 14.15(20737), now MCL 333.20965; MSA 14.15(20965), provides no relief for the plaintiff. Section 20737 provided that emergency medical technicians were protected from liability for their acts or omissions in treating a patient, unless the act or omission was the result of gross negligence or wilful misconduct. While the plaintiff pleaded a high degree of carelessness by the defendants, she failed to sufficiently plead gross negligence or wilful misconduct.

Reversed.

1. GOVERNMENTAL IMMUNITY — EMERGENCY MEDICAL TECHNICIANS — GROSS NEGLIGENCE.

Emergency medical technicians employed by a municipality are immune from tort liability, including liability for gross negligence, in causes of action arising before July 1, 1986, where they were acting or reasonably believed they were acting, during the course of their employment, within the scope of their authority, in good faith, and were performing discretionary, as opposed to ministerial, acts (MCL 691.1407; MSA 3.996[107]).

2. NEGLIGENCE — EMERGENCY MEDICAL TECHNICIANS.

Emergency medical technicians are protected from liability for their acts or omissions in treating a patient, unless the act or omission is the result of gross negligence or wilful misconduct (MCL 333.20737; MSA 14.15[20737], now MCL 333.20965; MSA 14.15[20965]).

*Bockoff, Zamler, Mellen & Shiffman, P.C.* (by *Gregory M. Bereznoff*), for the plaintiff.

*Laurel F. McGiffert,* for the defendant on appeal.

Before: GRIBBS, P.J., and MACKENZIE and JANSEN, JJ.

MacKenzie, J. Defendants appeal by leave granted from that portion of an order denying their motion for summary disposition of plaintiff's gross negligence claim. We reverse.

Defendants are emergency medical technicians employed by the City of Detroit. On August 30, 1985, they transported plaintiff's decedent, who was in respiratory distress, from her home to a local hospital. The decedent went into full cardiac arrest in the ambulance and died eight days later.

Plaintiff filed this suit against defendants on April 21, 1988. Count i of plaintiff's complaint alleged negligence; count ii alleged gross negligence. Defendants moved for summary disposition on the grounds of failure to state a claim and governmental immunity. The trial court granted defendants' motion for summary disposition of the negligence count, but denied their motion with respect to the gross negligence claim. In denying the latter, the court apparently relied on the definition of individual immunity and gross negligence set forth in § 7 of the governmental tort liability act as amended by 1986 PA 175, MCL 691.1407(2)(c); MSA 3.996(107)(2)(c). Under that section, lower-level governmental employees are not immune from tort liability if their conduct amounts to gross negligence, defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results."

On appeal, defendants contend that the trial court improperly applied the definitions of individual immunity and gross negligence set forth at MCL 691.1407; MSA 3.996(107), as amended by 1986 PA 175, and instead should have applied the individual immunity test set forth in *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984). We agree. 1986 PA 175, § 3 provides that the amended MCL 691.1407; MSA

3.996(107) does not apply to causes of action "arising" before July 1, 1986. For purposes of this statute, a cause of action "arises" when the plaintiff's claim accrues, not when it is filed. See *Montgomery v Detroit,* 181 Mich App 298, 308; 448 NW2d 822 (1989); *DeRocco v Harper Grace Hosp,* 182 Mich App 188, 191, n 1; 451 NW2d 549 (1989); *Hyde v Univ of Michigan Bd of Regents,* 426 Mich 223, 246; 393 NW2d 847 (1986). But see *Bischoff v Calhoun Co Prosecutor,* 173 Mich App 802, 806; 434 NW2d 249 (1988). Here, plaintiff's cause of action arose either on August 30, 1985, the date defendants transported the decedent, or September 8, 1985, the date on which she died. The amended statute therefore is inapplicable to this case. The trial court erred in denying defendants' motion for summary disposition of count II on the basis of the statute rather than *Ross.*

Before 1986 PA 175 became effective, "the existence and scope of individual immunity [was] a creature of judicial decision-making." *Ross, supra,* p 629. *Ross* set forth the following test for individual immunity:

> Lower level officials, employees, and agents are immune from tort liability only when they are
> 1) acting during the course of their employment and acting, or reasonably believe they are acting, within the scope of their authority;
> 2) acting in good faith; and
> 3) performing discretionary, as opposed to ministerial acts. [420 Mich 633-634.]

The Supreme Court has applied this test to claims of liability for gross negligence, as well as ordinary negligence. See, e.g., *Ross, supra,* pp 638, n 45, 639.

Here, there is no question that defendants were acting during the course of their employment and within the scope of their authority when they

transported the decedent. Plaintiff has not alleged that defendants were acting in bad faith. Therefore, the only determination necessary is whether defendants were engaged in discretionary acts entitling them to immunity under *Ross.*

Discretionary acts involve significant decision making and entail personal deliberation, decision, and judgment. *Ross, supra,* pp 634, 635. Ministerial acts involve the execution of a decision with only minor decision making. *Id.* Although the execution of a medical decision may at times entail a series of medical decisions requiring personal deliberation and judgment, each of those decisions must entail significant decision making to be considered discretionary. *Green v Berrien General Hosp Auxiliary, Inc,* 437 Mich 1, 13; 464 NW2d 703 (1990). Whether an activity is discretionary or ministerial is a question of law. *Gillam v Lloyd,* 172 Mich App 563, 576; 432 NW2d 356 (1988).

Defendants' activities in this case involved more than obedience to routine procedure or minor decision making. They had to assess the degree of the decedent's respiratory distress, determine whether her condition required oxygen therapy, and make a judgment with regard to the amount of physical exertion she was medically able to tolerate. Each of these determinations involved significant medical judgment rather than minor decision making. Defendants therefore were engaged in discretionary activity and were entitled to immunity under *Ross.* Neither plaintiff's negligence nor gross negligence claim should have survived summary disposition.

Plaintiff argues that the trial court reached the right result in denying summary disposition of her gross negligence claim. Specifically, plaintiff contends that former § 20737 of the emergency medi-

cal services act, MCL 333.20737; MSA 14.15(20737), now MCL 333.20965; MSA 14.15(20965), set forth a statutory exception to individual immunity as defined in *Ross* and that this case falls within that exception. While our Supreme Court recently held that a governmental *agency* may be held vicariously (but not directly) liable under the emergency medical services act, *Malcolm v City of East Detroit,* 437 Mich 132; 468 NW2d 479 (1991), the Court has not addressed the question whether former § 20737 set forth an exception to individual immunity. We need not address the question in this case. MCL 333.20737; MSA 14.15(20737) provided that emergency medical technicians were protected from liability for their acts or omissions in treating a patient "unless the act or omission was the result of gross negligence or willful misconduct." Plaintiff, however, has failed to state a claim for gross negligence because she has not alleged that defendants' negligent conduct occurred after some negligent conduct on the part of the decedent. See *McNeal v Dep't of Natural Resources,* 140 Mich App 625, 632; 364 NW2d 768 (1985). Furthermore, while plaintiff may have pleaded a high degree of carelessness, she has not pleaded wilful misconduct. Accordingly, even if we were to hold that MCL 333.20737; MSA 14.15(20737) constituted a statutory exception to individual immunity as defined in *Ross,* plaintiff's complaint falls outside the scope of the statute.

Reversed.