JENNINGS v SOUTHWOOD

Docket No. 119614. Submitted October 7, 1992, at Grand Rapids.
Decided March 16, 1993, at 9:05 A.M. .

Dean S. Jennings, as conservator of the estate of Cynthia K.
Rasmussen, an incapacitated person, brought an action in the
Berrien Circuit Court against Richard J. Southwood, Bill Boyd,
Jr., Dan Daniels, Lake Township, and Lake Township Ambu-
lance and Rescue, seeking damages resulting from the failure
of emergency medical personnel to transport Cynthia to a
hospital after responding to a call that she was experiencing a
diabetic seizure. Cynthia has remained in a coma since the day
of the incident. The plaintiff's pleadings asserted that the
defendants' actions amounted to gross negligence, thereby sub-
jecting them to liability pursuant to the gross negligence excep-
tion to the immunity afforded under the emergency medical
services act. The plaintiff, however, did not present any evi-
dence of precedent negligence on the part of Cynthia or her
mother occurring before the defendants' alleged negligence, but
argued that the defendants' conduct was so sufficiently reckless
as to demonstrate a substantial lack of concern for whether an
injury might have resulted. The court, John T. Hammond, J.,
entered judgments for the defendants consistent with the jury's
verdict. The plaintiff appealed.

The Court of Appeals *held:*

1. The court erred in attempting to illustrate the concept of
gross negligence to the jury by citing analogous examples of
criminal misconduct. The error, however, does not require
reversal because the failure to reverse is consistent with sub-
stantial justice.

2. To avoid the immunity afforded the individual defendants
under the emergency medical services act, pursuant to the
gross negligence exception of the act, MCL 333.20737; MSA
14.15(20737), now MCL 333.20965; MSA 14.15(20965), the plain-

REFERENCES

Am Jur 2d, Appeal And Error §§ 716-819; Hospitals and Asylums
§ 15; Negligence § 25.
Liability for injury or death allegedly caused by actitivies of hospi-
tal "rescue team." 64 ALR4th 1200.

tiff was required to plead and prove that their negligence occurred after some precedent negligence on the part of Cynthia or her mother.

3. The court erred in granting summary disposition in favor of the municipal defendants after incorrectly concluding that they could not be held vicariously liable for the gross negligence of the emergency personnel. Reversal is not required, however, because there was no gross negligence as a matter of law, and, therefore, the court reached the right result, albeit for the wrong reason.

Affirmed.

NEFF, J., concurring in the result only, stated that the Supreme Court should resolve the issue whether the precedent negligence requirement for a claim of gross negligence survived the adoption of comparative negligence in *Placek v Sterling Heights,* 405 Mich 638 (1979); that the precedent neligence requirement makes no sense in a comparative negligence context; that in the context of emergency medical service, the only definition of gross negligence that makes sense is that provided by MCL 691.1407(2)(c); MSA 3.996(107)(2)(c): conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results; and that, were the Court of Appeals not bound by stare decisis and Administrative Orders Nos. 1990-6, 1991-11, and 1992-8, it should find that the plaintiff properly pleaded the existence of gross negligence, that the trial court's instructional error was not harmless, and that failure to reverse the judgment would be inconsistent with substantial justice.

GOVERNMENTAL IMMUNITY — EMERGENCY MEDICAL PERSONNEL — GROSS NEGLIGENCE.

To avoid the individual immunity afforded emergency medical personnel under the emergency medical services act, a plaintiff must establish that the defendant's act or omission amounted to gross negligence or wilful misconduct; to establish gross negligence, the plaintiff must plead and prove that the defendant's negligence occurred after some precedent negligence on the part of the plaintiff (MCL 333.20737; MSA 14.15[20737], now MCL 333.20965; MSA 14.15[20965]).

*John T. Burhans,* for the plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Marcia L. Howe*), for Richard J. Southwood, Bill Boyd, Jr., and Dan Daniels.

Before: GRIFFIN, P.J., and NEFF and CORRIGAN, JJ.

PER CURIAM. In this lawsuit involving issues of governmental immunity, plaintiff appeals as of right judgments entered in favor of defendants. We affirm.

This case arose as a result of defendants' failure to transport thirteen-year-old Cynthia K. Rasmussen to a hospital. Defendants Richard J. Southwood, Bill Boyd, Jr., and Dan Daniels are emergency medical personnel who on November 25, 1986, responded to a call that Cynthia was experiencing a diabetic seizure. At trial there was conflicting testimony regarding whether these defendants or Cynthia's mother made the ultimate decision not to transport Cynthia to a hospital. It is undisputed, however, that Cynthia has been in a coma since the day of the incident.

Plaintiff raises two issues for our review. To properly resolve this appeal, it is necessary to review plaintiff's second issue first. To abrogate defendants' individual immunity under the emergency medical services act (EMSA), plaintiff was required to establish an act or omission amounting to "gross negligence or wilful misconduct." MCL 333.20737; MSA 14.15(20737), now see MCL 333.20965; MSA 14.15(20965). Plaintiff did not plead wilful misconduct. Rather, the only exception to immunity that plaintiff asserted was gross negligence.

On appeal, plaintiff argues that it was error for the trial court to attempt to illustrate the concept of gross negligence to the jury by citing analogous examples of criminal misconduct. Although we are persuaded that the trial court erred in this regard, we are not persuaded that plaintiff is entitled to reversal.

As another panel of this Court recently ob-

served, few aspects of negligence law have proven more frustrating to the courts of this state than the construction of the term "gross negligence." *Pavlov v Community Emergency Medical Service, Inc,* 195 Mich App 711, 718; 491 NW2d 874 (1992). Nonetheless, for purposes of the EMSA, the common-law definition of gross negligence adopted in *Gibbard v Cursan,* 225 Mich 311, 319; 196 NW 398 (1923), has been retained. Accordingly, to avoid the immunity afforded under the EMSA pursuant to the gross negligence exception of the EMSA, plaintiff was required to plead and prove that defendants' negligence occurred after some precedent negligence on the part of Cynthia or her mother. *Pavlov, supra; Abraham v Jackson,* 189 Mich App 367, 372; 473 NW2d 699 (1991).[1] This plaintiff has not done. Viewed in a light most favorable to plaintiff, the allegations in plaintiff's complaint allege solely that defendants failed to conduct a proper inquiry to determine whether Cynthia was actually experiencing a diabetic seizure. No averment of precedent negligence appears in plaintiff's complaint:

\* \* \*

17. [D]efendants were guilty of gross negligence in failing to transport plaintiff, Cynthia K. Rasmussen to the services of appropriate health care persons on November 25, 1986 at approximately 7:22 P.M. for the following reasons:

(a) Cynthia K. Rasmussen was emotionally distraught.

(b) Cynthia K. Rasmussen was suffering from seizure activity.

(c) Cynthia K. Rasmussen was exhibiting vital signs indicative of hypoglycemia.

(d) Defendants failed to consult an appropriate licensed physician pursuant to the protocol of the

---

[1] As noted in *Pavlov, supra,* p 720, *Abraham* is controlling precedent under Administrative Order No. 1990-6, 436 Mich lxxxiv.

Berrien County Emergency Medical Control Authority protocol for diabetic emergencies.

(e) Defendants failed to obtain permission from a duly licensed physician for the purposes of declaring this to be a nonemergency pursuant to the health code.

(f) An additional failure of these defendants in that they failed to obtain a proper and adequate history of Cynthia K. Rasmussen.

\* \* \*

20. That defendants were guilty of gross negligence with regard to the care and treatment rendered to plaintiff, Cynthia K. Rasmussen on November 26, 1986 at approximately 12:30 A.M. despite defendants' prior knowledge of plaintiff, Cynthia K. Rasmussen's diabetic condition and the symptoms exhibited by her upon examination did not administer an IV solution containing glucose to offset the extremely dangerous glucose levels of plaintiff, Cynthia K. Rasmussen's blood.

Similarly, in his brief on appeal, plaintiff does not direct this Court to any record evidence of precedent negligence. Plaintiff argues instead that there was testimony that defendants' conduct was sufficiently reckless so as to demonstrate a substantial lack of concern for whether an injury might result. As noted above, however, this is not the appropriate test for avoiding immunity under the EMSA.

It is well settled that instructional error compels reversal only where the failure to do so would be inconsistent with substantial justice. *Reisman v Regents of Wayne State Univ,* 188 Mich App 526, 532; 470 NW2d 678 (1991). Such injustice is not present in this case for the reason that plaintiff has failed to plead or prove gross negligence as defined by *Gibbard, supra.*

In view of our resolution of plaintiff's second issue, plaintiff's first issue merits only cursory

discussion. Plaintiff contends that the trial court erred in granting summary disposition in favor of the municipal defendants, Lake Township and Lake Township Ambulance and Rescue. We agree, but again conclude that reversal is not required. Under the recent decision of the Supreme Court in *Malcolm v East Detroit,* 437 Mich 132, 147-148; 468 NW2d 479 (1991), the trial court's conclusion that the municipal defendants were entitled to judgment as a matter of law because they could not be held vicariously liable under the former statute for the gross negligence of their emergency personnel was incorrect. However, because there was no gross negligence as a matter of law, vicarious liability of the municipality is no longer at issue. An order of summary disposition need not be reversed where the trial court reaches the right result but for the wrong reason. See *State Mutual Ins Co v Russell,* 185 Mich App 521, 528; 462 NW2d 785 (1990).

Affirmed.

NEFF, J. *(concurring).* I concur in the result only. I write separately to urge our Supreme Court to resolve the issue whether the precedent negligence requirement of a gross negligence claim survived the adoption in Michigan of comparative negligence in *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979).

A panel of this Court recently determined that the precedent negligence requirement should continue to be applied. In *Pavlov v Community Emergency Medical Service, Inc,* 195 Mich App 711, 718; 491 NW2d 874 (1992), a case in which the trial court granted summary disposition to the defendants on the basis of immunity under the former emergency medical services act, MCL 333.20701 *et seq.;* MSA 14.15(20701) *et seq.,* the majority opin-

ion noted that, in its historical context, the concept of "gross negligence" was intended as a plaintiff's doctrine to be used to avoid the harsh bar of contributory negligence. The *Pavlov* majority set forth the definition of gross negligence from *Gibbard v Cursan,* 225 Mich 311, 319; 196 NW 398 (1923):

> "When will gross negligence of a defendant excuse contributory negligence of a plaintiff? In a case where the defendant, who knows, or ought, by the exercise of ordinary care, to know, of the *precedent negligence* of the plaintiff, by his *subsequent negligence* does plaintiff an injury. . . .
>
> "The theory of gross negligence is that the antecedent negligence of plaintiff only put him in a position of danger and was therefore only the remote cause of the injury, while the subsequently intervening negligence of the defendant was the proximate cause." [*Pavlov, supra,* pp 718-719; citations omitted, emphasis in original.]

The *Pavlov* majority also stated:

> The *Gibbard* definition has remained unaltered, despite the adoption in Michigan of comparative negligence (*Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 [1979]) and the dissatisfaction with its misuse noted even in *Gibbard, supra* at 321. See, e.g., *Papajesk* [*v Chesapeake & O R Co,* 14 Mich App 550, 555; 166 NW2d 46 (1968)]. Our Supreme Court specifically declined an opportunity to redefine the phrase in *Burnett* [*v City of Adrian,* 414 Mich 448, 455-456; 326 NW2d 810 (1982)], stating that it preferred to wait for a case with a "fully developed factual record." *Id.* at 456. [*Pavlov, supra,* p 719.]

The *Pavlov* majority concluded, in light of the substantive law regarding the issue of gross negligence, that the trial court did not err in applying

the *Gibbard/Burnett* definition of gross negligence. *Pavlov, supra,* p 720. The *Pavlov* majority further stated:

> [C]ase law plainly requires that the plaintiff must plead gross negligence correctly if the claim is to be addressed. "In order to properly allege gross negligence, plaintiffs must plead defendants' subsequent negligence." *Mallory v Detroit,* 181 Mich App 121, 125; 449 NW2d 115 (1989), another case construing MCL 333.20737; MSA 14.15(20737). The panel in *Malcolm v East Detroit,* 180 Mich App 633, 643; 447 NW2d 860 (1989), applied the same rule: "[F]or a gross negligence claim to be actionable it must allege that the defendant's negligent conduct occurred subsequent to some negligent conduct on the part of the plaintiff." The Supreme Court reversed the *Malcolm* decision on other grounds, but did not address the definition of "gross negligence" because the plaintiff failed to raise it on cross-appeal. 437 Mich 132, 147-148; 468 NW2d 479 (1991). See also *Abraham* [*v Jackson,* 189 Mich App 367, 372; 473 NW2d 699 (1991)]. [*Pavlov, supra,* p 720.]

The *Pavlov* majority concluded that the trial court correctly dismissed the plaintiff's gross negligence claim and declined the plaintiff's request that it ignore the definition of gross negligence set out in *Malcolm, Mallory,* and *Abraham* and instead apply the standard found in MCL 691.1407(2) (c); MSA 3.996(107)(2)(c), which provides that "gross negligence" means "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." *Pavlov, supra,* pp 720-721.

In my view, the precedent negligence requirement of a gross negligence claim simply makes no sense in a comparative negligence context. I agree wholeheartedly with Judge MICHAEL J. KELLY's

concurring opinion in *Pavlov* that, in the context of emergency medical service, the only definition of gross negligence that makes any sense is that provided by MCL 691.1407(2)(c); MSA 3.996(107)(2) (c). *Pavlov, supra,* p 723. Judge KELLY stated:

> I opt for that definition of gross negligence [provided for in MCL 691.1407(2)(c); MSA 3.996 (107)(2) (c)] because that is the only definition that makes sense in the context of emergency medical service. To use a fashionable term, it is ludicrous to attempt to portray human suffering and trauma inflicted by the forces of nature or society as negligence in order to establish gross negligence as defined by case law. The Supreme Court has signaled its intention to set this scheme aright in *Burnette* [sic] *v City of Adrian,* 414 Mich 448; 326 NW2d 810 (1982), and *Malcolm v East Detroit,* 437 Mich 132; 468 NW2d 479 (1991), but I do not anticipate that this is the case that will supply the factual basis for a new "best effort" by the Supreme Court. . . .
>
> I would be gratified to see the Legislature insert the government tort liability act definition of gross negligence in the present version of the emergency medical services act, MCL 333.20901 *et seq.*; MSA 14.15(20901) *et seq.* I agree with plaintiff that the pre-*Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979), case law definitions of gross negligence are obsolete. [*Pavlov, supra,* pp 723-724.]

If I were not bound by stare decisis and Administrative Order No. 1990-6, 436 Mich lxxxiv, as extended by Administrative Order No. 1991-11, 439 Mich cxliv, as extended by Administrative Order No. 1992-8, 441 Mich lii, I would find that plaintiff properly pleaded the existence of gross negligence, that the trial court's instructional error was not harmless, and that our failure to reverse the judgment in this case would be incon-

sistent with substantial justice. I would reverse the judgment entered on the jury verdict and remand this case to the trial court for a new trial. I believe that this case, with its fully developed factual record, is the proper vehicle for our Supreme Court to dispense with the obsolete and outdated definition of gross negligence set forth in *Gibbard.*

I also note that the notion of subsequent or gross negligence under the *Gibbard* definition has been referred to as the "last clear chance" doctrine. *Burnett, supra,* pp 461-462 (BLAIR MOODY, JR., J., concurring); *Gibbard, supra,* pp 319, 322. In *Petrove v Grand Trunk W R Co,* 437 Mich 31, 33; 464 NW2d 711 (1991), our Supreme Court determined that, in light of this state's adoption of comparative negligence, an instruction on the "last clear chance" doctrine constituted error. In so holding, the Supreme Court adopted as its own the reasoning of the Court of Appeals in *Callesen v Grand Trunk W R Co,* 175 Mich App 252, 259-263; 437 NW2d 372 (1989). In *Callesen,* Judge SHEPHERD wrote: "We adopt the view that the last clear chance doctrine has been abolished with the adoption of a pure comparative negligence system in Michigan." *Id.,* p 261. The demise of the last clear chance doctrine per *Callesen* and *Petrove* signals the necessary demise of the *Gibbard* definition of gross negligence. I believe that it is time that our Supreme Court formally dispenses with the *Gibbard* definition of gross negligence, which in essence is merely a different way of referring to the "last clear chance" doctrine. Only then will the last vestiges of contributory negligence be replaced by the pure form of comparative negligence adopted in *Placek.* As noted, this case provides an appropriate vehicle with which to do so.