PEOPLE v LYNN

Docket No. 196912. Submitted February 10, 1998, at Lansing. Decided
    March 31, 1998, at 9:05 A.M. Leave to appeal sought.

    John Lynn was convicted by a jury in the Kalamazoo Circuit Court,
    John F. Foley, J., of carrying a concealed weapon (CCW) and of
    other offenses after the police found two fourteen-inch double-
    edged nonfolding knives in the defendant's automobile. The defend-
    ant appealed.

    The Court of Appeals held:

    1. The CCW statute, MCL 750.227(1); MSA 28.424(1), which pro-
    vides in part that a person shall not carry a double-edged nonfold-
    ing stabbing instrument of any length or any other dangerous
    weapon in any vehicle operated or occupied by the person, pro-
    vides fair notice of the prohibited conduct and therefore is not
    vague such that it should be found to be unconstitutional.

    2. The trial court erred in instructing the jury that it had to find
    the defendant guilty of CCW if it found that there was a double-
    edged nonfolding stabbing instrument in the defendant's vehicle.
    The trial court should have instructed the jury to decide whether
    the knives were dangerous weapons or, as the defendant claimed,
    were throwing knives meant for peaceful use.

    3. The trial court did not abuse its discretion in refusing to allow
    defense counsel to question prospective jurors at voir dire about
    their attitudes toward the CCW statute. Counsel has no right to con-
    duct voir dire and may do so only to the extent allowed by the trial
    court in its discretion. MCR 6.412(C)(2).

    Reversed and remanded for new trial.

1. WEAPONS — CARRYING CONCEALED WEAPONS — NONFOLDING STABBING
    INSTRUMENTS — CONSTITUTIONAL LAW.

    The statute proscribing the carrying of a double-edged nonfolding
    stabbing instrument or any other dangerous weapon concealed on
    or about one's person or in one's vehicle, whether concealed or
    not, provides fair notice of the proscribed conduct and therefore is
    not void for vagueness under the constitution (MCL 750.227[1];
    MSA 28.424[1]).

2. WEAPONS — CARRYING CONCEALED WEAPONS — NONFOLDING STABBING INSTRUMENTS — JURY INSTRUCTIONS.

A jury considering a charge of carrying a concealed weapon based on the possession of a double-edged nonfolding knife claimed by the defendant to be a throwing knife meant for peaceful use must be instructed by the trial court that conviction requires a finding that the knife is dangerous (MCL 750.227[1]; MSA 28.424[1]).

3. JURY — VOIR DIRE — COUNSEL.

Counsel has no right to conduct voir dire and may do so only to the extent allowed by the trial court in its discretion (MCR 6.412[C][2]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *James J. Gregart*, Prosecuting Attorney, and *Judith B. Ketchum*, Assistant Prosecuting Attorney, for the people.

*James Bonfiglio*, for the defendant.

Before: McDONALD, P.J., and SAWYER and HOEKSTRA, JJ.

PER CURIAM. Following a jury trial, defendant was convicted of carrying a concealed weapon, MCL 750.227(1); MSA 28.424(1), possession of marijuana, MCL 333.7403; MSA 14.15(7403), and operating a motor vehicle without security, MCL 500.3102; MSA 24.13102. He was sentenced to three years' probation. Defendant, who stipulated at trial that on the day in question he possessed marijuana and operated his motor vehicle without insurance, appeals as of right only his CCW conviction. We reverse defendant's conviction and remand for a new trial.

Defendant argues that because MCL 750.227(1); MSA 28.424(1) does not define the term "stabbing instrument," the statute is unconstitutionally overbroad and void for vagueness. The statute provides:

A person shall not carry a dagger, dirk, stiletto, *a double-edged nonfolding stabbing instrument of any length,* or any other dangerous weapon, except a hunting knife adapted and carried as such, concealed on or about his or her person, or whether concealed or otherwise in any vehicle operated or occupied by the person, except in his or her dwelling house, place of business or on other land possessed by the person. [MCL 750.227(1); MSA 28.424(1) (emphasis supplied). See 1986 PA 8, § 2.]

We review such challenges de novo on appeal. *People v Hubbard (After Remand),* 217 Mich App 459, 484; 552 NW2d 493 (1996). Because statutes are presumed constitutional, we must construe the statute as constitutional unless its unconstitutionality is clearly apparent. *Id.* at 483-484.

"[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *People v White,* 212 Mich App 298, 312; 536 NW2d 876 (1995) (quoting *Kolender v Lawson,* 461 US 352, 357; 103 S Ct 1855; 75 L Ed 2d 903 [1983]). Defendant points out that numerous items beyond those defined in the statute could be used to stab, e.g., a fork, kitchen knife, or stick. Therefore, defendant argues that persons of common intelligence would guess at the meaning of the phrase "stabbing instrument" and would differ regarding the application of this phrase.

According to our Supreme Court in *People v Lino,* 447 Mich 567, 575; 527 NW2d 434 (1994), vagueness challenges that do not implicate First Amendment freedoms are examined in the light of each particular case. Here, two police officers testified at defendant's

trial that during their inventory search of defendant's vehicle after a routine traffic stop, they discovered two double-edged nonfolding knives that were each approximately fourteen inches in length. Defendant testified that he used the knives in the sport of knife throwing and produced an expert who testified that the construction of such knives renders them difficult to use as stabbing instruments. Under cross-examination, the expert admitted that throwing knives, like any knives, could be used as weapons.

On its face, MCL 750.227(1); MSA 28.424(1) may permit impermissible interpretations, but the statute can be narrowly construed so as to provide fair notice of the prohibited conduct and render it sufficiently definite to avoid vagueness. *People v Gilliam,* 108 Mich App 695, 703-704; 310 NW2d 843 (1981). A statute is not vague when the meaning of the words in controversy can be fairly ascertained by reference to judicial determinations, the common law, dictionaries, treatises or even the words themselves, if they possess a common and generally accepted meaning. *People v Cavaiani,* 172 Mich App 706, 714; 432 NW2d 409 (1988). Here, we find that the phrase "double-edged nonfolding stabbing instrument of any length" speaks for itself because it contains words with common and generally accepted meanings; therefore, ordinary people can understand what conduct the statute prohibits. Accordingly, reversal is not required on this basis because defendant has not overcome the presumption that the statute is constitutional.

Our resolution of defendant's constitutional challenge to the statute logically leads to defendant's next argument on appeal, which is whether the trial court erred in instructing the jury regarding the prosecu-

tion's burden in proving the elements of the CCW charge. Jury instructions must include all elements of the crime charged and must not exclude consideration of material issues, defenses, and theories for which there is evidence in support. *People v Daniel*, 207 Mich App 47, 53; 523 NW2d 830 (1994). Here, the prosecution's theory of the case was that defendant carried a dangerous stabbing weapon. The prosecution did not introduce evidence that defendant carried the knives with the intent to use them as weapons of assault or defense. Defendant introduced evidence that the knives in question were not dangerous stabbing weapons, but instead were throwing knives designed for a peaceful purpose. See *People v Vaines*, 310 Mich 500, 504-506; 17 NW2d 729 (1945). Specifically, defendant submitted the expert's testimony that at least three characteristics distinguish throwing knives: first, a throwing knife is heavily weighted to the front so the knife flies point first; second, the blade of a throwing knife protrudes from the base of the handle to protect the handle if the butt of the knife strikes the target first; and third, a throwing knife is constructed without a cross guard, a component that is found on other knives to prevent the hand from slipping down and being cut on the blade.

The trial court instructed the jury in part that it had to find defendant guilty of the CCW charge if it found that "there was a double-edged nonfolding stabbing instrument which was in a vehicle that the defendant was in." See CJI2d 11.2(4). On the facts of this case, this instruction was ambiguous because it did not specifically require the jury to consider and decide whether the knives in question were dangerous instruments as "double-edged nonfolding stabbing

instruments." Rather, the instruction impliedly assumed an element of the charge against defendant, i.e., that the knives in question were "double-edged nonfolding stabbing instruments." Therefore, the instruction unfairly prejudiced defendant by preventing the jury from considering his theory of the case that the knives were designed for a peaceful purpose.

If the instructions confused the jury to the extent that the parties' theories and the applicable law were not fairly and adequately presented to the jury, then a new trial must be granted. *Jennings v Southwood (After Remand)*, 224 Mich App 15, 22-23; 568 NW2d 125 (1997). See, e.g., *People v Mack*, 64 Mich App 587, 590-595; 236 NW2d 523 (1975). Here, determining whether defendant's knives were "double-edged nonfolding stabbing instruments" was critical because it constituted the threshold element of the CCW charge against defendant. Therefore, the instructional error was not harmless, and, consequently, defendant is entitled to a new trial with appropriate instructions so that a jury may fairly and intelligently determine whether the prosecution proved that defendant carried a dangerous weapon.

Under MCR 2.516(D)(4), a trial court may give additional instructions concerning an area that was not covered in the standard jury instructions as long as these additional instructions accurately state the law and are applicable, concise, understandable, conversational, unslanted, and nonargumentative. *Jennings, supra* at 22. At retrial, the instructions to the jury in this case must specifically require the jury to consider and decide as a separate element whether the knives in question are designed to be dangerous weapons within the meaning of the statute because they are

double-edged nonfolding stabbing instruments. If the jury decides that threshold element in the affirmative, then the jury must next consider and decide the remaining elements: whether the "double-edged nonfolding stabbing instrument" was in a vehicle that defendant was in, whether defendant knew the weapon was there, and whether defendant took part in carrying or keeping the weapon in the vehicle.

Given our resolution of these issues and the resulting remand for a new trial, we decline to address defendant's argument that the prosecution presented insufficient evidence from which the jury could find him guilty beyond a reasonable doubt of the CCW charge. However, because defendant's argument about voir dire concerns an issue likely to reoccur at a retrial, we briefly address the merits of that argument. Defendant argues that the trial court impermissibly limited voir dire by defense counsel by failing to permit defense counsel to fully question the jurors about their attitudes toward the CCW statute. We disagree. The scope of voir dire examination of prospective jurors is within the discretion of the court and will not be set aside absent an abuse of that discretion. MCR 6.412(C)(1); *People v Harrell*, 398 Mich 384, 388; 247 NW2d 829 (1976). Here, we find that the trial court did not abuse its discretion in refusing to allow defense counsel "to go on a dissertation on the law." Indeed, counsel has no right to conduct voir dire and is only granted such an opportunity with the court's permission. MCR 6.412(C)(2).

Reversed and remanded for a new trial.