PEOPLE v LYNN

Docket No. 112014. Decided December 8, 1998. On application by the people for leave to appeal, the Supreme Court, in lieu of granting leave, reversed the judgment of the Court of Appeals, and reinstated the defendant's conviction.

John Lynn was convicted in the Kalamazoo Circuit Court, John F. Foley, J., of carrying a dangerous weapon in a motor vehicle, possession of marijuana, and operating a motor vehicle without security. The Court of Appeals, McDONALD, P.J., and SAWYER and HOEKSTRA, JJ., in an opinion per curiam, set aside the weapons conviction on the ground that the jury instructions failed to require the jury to consider and decide whether the knives in question were dangerous weapons, and ordered a new trial. 229 Mich App 116 (1998) (Docket No. 196912). The people seek leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held*:

The jury instructions were not erroneous.

1. MCL 750.227(1); MSA 28.424(1) provides that several categories of knives and stabbing instruments are dangerous weapons per se. If the jury finds that the object is a dagger, dirk, stiletto, or a double-edged nonfolding stabbing instrument, no further inquiry is required regarding whether the item is within the class of weapons prohibited from being carried in a vehicle.

2. The trial court told the jury in part that in order to find the defendant guilty, it would be necessary to find there was a double-edged, nonfolding stabbing instrument that was in a vehicle that the defendant was in. Contrary to the Court of Appeals suggestion, this instruction does not impliedly assume the element. Rather, it tells the jury that it must consider whether the knives in fact were within the double-edged nonfolding stabbing instrument category. Given the lack of defense objection to the form of the instruction, reversal is not required. The trial court's instruction did not preclude jury consideration of the defendant's theory—that these throwing knives were not stabbing weapons.

Reversed.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *James J. Gregart*, Prosecut-

ing Attorney, and *Judith B. Ketchum*, Assistant Prosecuting Attorney, for the people.

*James Bonfiglio* for defendant-appellee.

PER CURIAM. Following a jury trial, the defendant was convicted of carrying a dangerous weapon in a motor vehicle,[1] possession of marijuana,[2] and operating a motor vehicle without security.[3] On appeal, however, the Court of Appeals set aside the weapons conviction on the ground that the jury instructions failed to require the jury to consider and decide whether the knives in question were dangerous weapons. We conclude that the instructions were not erroneous, and reverse.

I

The arresting police officer testified that she stopped the defendant's vehicle because of a loud exhaust, and that when she asked him for his license, registration, and proof of insurance, he acknowledged that his license was suspended. She placed him under arrest and conducted an inventory search, finding two fourteen-inch knives in the vehicle, as well as a bag of marijuana.

The two knives were double-edged and in sheathes, one with a leg strap. The officer testified that a person could be stabbed with the knives, and that she thought they were stabbing instruments because they were large. She said that she did not know anything about throwing knives.

---

[1] MCL 750.227(1); MSA 28.424(1).

[2] MCL 333.7403; MSA 14.15(7403).

[3] MCL 500.3102; MSA 24.13102.

Defendant testified that he had owned the two knives for six or seven months and used them as "throwing" knives. He said that although he could stab somebody with them, he did not consider them "stabbing instruments." He acknowledged that the knives did not fold and were double-sided.

The defense also called a witness who was qualified as an expert in knife-making. He testified about the characteristics of throwing knives. After examining defendant's knives, the witness stated that they were throwing knives because they were heavily weighted in the front, so that they would travel point first. The handle was made of a composite material and riveted into the blade. The blade runs through the handle and protrudes from the handle to protect the handle if it strikes the target butt first. These knives were unlike a dirk or stiletto because those instruments have cross guards. The witness testified that throwing knives are not built or made for stabbing. However, the witness admitted that a throwing knife, like any knife, could be used as a weapon and could be used to stab someone.

II

The statute under which the defendant was charged provides:

> A person shall not carry a dagger, dirk, stiletto, *a double-edged nonfolding stabbing instrument of any length,* or any other dangerous weapon, except a hunting knife adapted and carried as such, concealed on or about his or her person, or whether concealed or otherwise in any vehicle operated or occupied by the person, except in his or her dwelling house, place of business or on other land pos-

sessed by the person. [MCL 750.227(1); MSA 28.424(1) (emphasis supplied).]

The prosecutor argued that the knives were double-edged, nonfolding stabbing instruments, which the defendant admitted he knew were in the car. Defense counsel responded that the issue was not whether the knives *could* be used as stabbing instruments, but rather they *were* stabbing instruments. He claimed that because they were throwing knives, they were not stabbing instruments under the statute.

The trial court instructed the jury as follows on the elements of the CCW offense:

> The defendant is charged with the crime of carrying a concealed weapon.
>
> To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt:
>
> First, that there was a double-edged, nonfolding stabbing instrument which was in a vehicle that the defendant was in.
>
> I'll read that again. First, that there was a double-edged, nonfolding stabbing instrument which was in a vehicle the defendant was in.
>
> Second, that the defendant knew the weapon was there.
>
> Third, the defendant took part in carrying or keeping the weapon in the vehicle.

The defense did not object to this instruction.

The jury found the defendant guilty as charged.[4] The circuit judge sentenced him to three years probation, with the first 180 days to be served in the county jail and other conditions.

---

[4] At trial, the defense conceded the defendant's guilt of the charges of marijuana possession and failure to have insurance for his car.

The defendant appealed, raising several issues. The Court of Appeals rejected defendant's constitutional challenge to the statute and his contention that the trial court impermissibly limited defendant's voir dire. However, the Court ruled that the instructions unfairly prejudiced defendant by preventing the jury from considering his theory that the knives were designed for a peaceful purpose. The Court ordered the defendant a new trial, at which the trial court was directed to use instructions that specifically required the jury to consider and decide as a separate element whether the knives in question were designed to be dangerous weapons per se within the meaning of the statute because they are double-edged nonfolding stabbing instruments.[5]

The Court of Appeals explained its conclusion that the instructions were defective as follows:

> The trial court instructed the jury in part that it had to find defendant guilty of the CCW charge if it found that "there was a double-edged nonfolding stabbing instrument which was in a vehicle that the defendant was in." See CJI2d 11.2(4). On the facts of this case, this instruction was ambiguous because it did not specifically require the jury to consider and decide whether the knives in question were dangerous instruments as "double-edged nonfolding stabbing instruments." Rather, the instruction impliedly assumed an element of the charge against defendant, i.e., that the knives in question were "double-edged nonfolding stabbing instruments." Therefore, the instruction unfairly prejudiced defendant by preventing the jury from considering his theory of the case that the knives were designed for a peaceful purpose.
>
> . . . Here, determining whether defendant's knives were "double-edged nonfolding stabbing instruments" was critical

---

[5] 229 Mich App 116, 118; 580 NW2d 472 (1998).

because it constituted the threshold element of the ccw-charge against defendant. Therefore, the instructional error was not harmless, and consequently, defendant is entitled to a new trial with appropriate instructions so that a jury may fairly and intelligently determine whether the prosecution proved that defendant carried a dangerous weapon.

. . . At retrial, the instructions to the jury in this case must specifically require the jury to consider and decide as a separate element whether the knives in question are designed to be dangerous weapons within the meaning of the statute because they are double-edged nonfolding stabbing instruments. If the jury decides that threshold element in the affirmative, then the jury must next consider and decide the remaining elements: whether the "double-edged nonfolding stabbing instrument" was in a vehicle that defendant was in, whether defendant knew the weapon was there, and whether defendant took part in carrying or keeping the weapon in the vehicle. [229 Mich App 116, 120-122; 580 NW2d 472 (1998).]

The prosecutor has filed a delayed application for leave to appeal to this Court.

III

MCL 750.227(1); MSA 28.424(1) in effect provides that several categories of knives and stabbing instruments are dangerous weapons per se. If the jury finds that the object is a "dagger," "dirk," "stiletto," or a "double-edged nonfolding stabbing instrument," no further inquiry is required regarding whether the item is within the class of weapons the carrying of which in a vehicle is prohibited. *People v Vaines*, 310 Mich 500; 17 NW2d 729 (1945). If an item does not fall within one of those categories, the prosecution must proceed on the theory that it falls within the "other dangerous weapon" category. See *People v Brown*, 406 Mich 215, 222-223; 277 NW2d 155 (1979):

Accordingly, we today reaffirm the principles set forth in *People v Vaines* and hold that where a defendant is charged with carrying a "dangerous weapon" contrary to MCL 750.227; MSA 28.424, the burden is on the prosecution to prove that the instrument carried by the defendant is a dangerous weapon per se or that the instrument was used, or intended for use, as a weapon for bodily assault or defense. The fact that a pointed instrument, such as a machete, has great potential as a dangerous weapon does not render it a dangerous weapon per se. Thus, in the instant case, mere proof that defendant knew that a machete could be used as a dangerous weapon does not support a conviction under MCL 750.227; MSA 28.424.

In this case, the prosecution chose to proceed on the theory that the knives in question were "double-edged nonfolding stabbing instruments." The prosecution could have claimed in the alternative that, even if not dangerous weapons per se, these knives were in fact dangerous weapons. However, it did not do so.

The Court of Appeals found fault with the jury instructions on the ground that they did not "specifically require the jury to consider and decide whether the knives in question were dangerous instruments as 'double-edged nonfolding stabbing instruments.'" 229 Mich App 120-121.

We find this an incorrect characterization of the instruction. The trial court told the jury in part that in order to find the defendant guilty, it would be necessary to find "there was a double-edged, nonfolding stabbing instrument which was in a vehicle that the defendant was in." Contrary to the Court of Appeals suggestion, this instruction does not "impliedly assume" the element. 229 Mich App 121. Rather, it tells the jury that it must consider whether the knives

were in fact within the double-edged nonfolding stabbing instrument category.

If there is anything to criticize about the instruction it is that it combines two elements into a single statement: (1) that the items in question were double-edged nonfolding stabbing instruments, and (2) that they were in the vehicle occupied by the defendant.[6] It might be well if the trial courts were to heed the direction by the Court of Appeals that the instructions should require the jury

> to consider and decide as a separate element whether the knives in question are designed to be dangerous weapons within the meaning of the statute because they are double-edged nonfolding stabbing instruments. [229 Mich App 121-122.]

---

[6] The same criticism is applicable to CJI2d 11.2 on which the trial court's instruction was based. Indeed, the CJI is more subject to the criticism that it removes an element from the jury's consideration than the instruction given in this case. The CJI reads:

> (1) The defendant is charged with the crime of carrying a concealed weapon. To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt:

> *        *        *

> [*Use the following if defendant is charged with carrying a weapon carried in vehicle:*]

> (4) First, that this [dagger / dirk / stiletto / double-edged, nonfolding stabbing instrument / dangerous stabbing weapon] was in a vehicle that the defendant was in.
> (5) Second, that the defendant knew the weapon was there.
> (6) Third, that the defendant took part in carrying or keeping the weapon in the vehicle.

In the instant case, the trial court's modification of paragraph (4), stating, "*that there was* a double-edged, nonfolding stabbing instrument which was in a vehicle that the defendant was in," more clearly requires the jury to consider whether the item was a dangerous weapon.

However, given the lack of defense objection to the form of the instruction, reversal is not required. The trial court's instruction did not preclude jury consideration of the defendant's theory—that these throwing knives were not stabbing weapons. Accordingly, we reverse the judgment of the Court of Appeals and reinstate the defendant's conviction for carrying a dangerous weapon in the vehicle.

MALLETT, C.J., and BRICKLEY, CAVANAGH, BOYLE, WEAVER, KELLY, and TAYLOR, JJ., concurred.