*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

LATAUSHA SIMMONS,

Defendant-Appellant.

UNPUBLISHED
August 25, 2022

No. 349547
Macomb Circuit Court
LC No. 2018-000127-AR

ON REMAND

Before: RIORDAN, P.J., and CAVANAGH and JANSEN, JJ.

PER CURIAM.

This matter is before us on remand by our Supreme Court. Defendant was convicted in a jury trial before the 37th District Court of resisting or obstructing a police officer, MCL 750.81d(1), and sentenced to six months' probation. Defendant appealed her conviction to the Macomb Circuit Court, and the circuit court entered an order of acquittal, agreeing with defendant that the district court erred by precluding the parties from presenting evidence on the lawfulness of the officers' conduct. On reconsideration, however, the circuit court set aside its order of acquittal and remanded the matter to the district court for retrial. This Court reversed the circuit court's remand order, concluding that retrial was barred under the Double Jeopardy Clause, US Const, Am V. *People v Simmons (On Reconsideration)*, ___ Mich App ___; ___ NW2d ___ (2021) (Docket No. 349547) (*Simmons I*), rev'd in part ___ Mich ___ (2022) (Docket No. 163469).

Our Supreme Court reversed this Court's double jeopardy holding because the circuit court, acting in its appellate capacity, "properly exercised its authority under MCR 7.114(D) and MCR 2.119(F) when it reconsidered and reversed its own order of acquittal, thus eliminating any double jeopardy concerns related to its prior determination of the defendant's innocence." *People v Simmons*, ___ Mich ___, ___; 971 NW2d 223, 224 (2022) (*Simmons II*). Further, our Supreme Court also remanded the matter to this Court to consider

-1-

whether the circuit court found that the prosecution had failed to put forward sufficient evidence that the defendant's arrest was lawful and, if so, whether double jeopardy bars the defendant's retrial where an appellate court has determined that there was insufficient evidence to convict, but the insufficiency resulted from the district court's erroneous order granting a prosecution request. [*Id.*]

For the reasons set forth below, we conclude that the circuit court, on reconsideration, did not find that the prosecution had failed to put forward sufficient evidence that defendant's arrest was unlawful. Accordingly, we affirm the circuit court and remand this matter to the district court for further proceedings.

## I. FACTS

We previously summarized the underlying facts as follows:

This case arises out of the arrest of defendant for her failure to comply with the directives of Warren police officers. Officer Sullivan observed defendant exit a grocery store through an opening not typically used by the public and walk to a car parked in an alley next to the grocery store. Defendant entered the car, drove a few feet, exited the car next to a dumpster or shipping container that was in the alley, and peeked around the corner of the dumpster or shipping container at Officer Sullivan. Officer Sullivan found her behavior to be suspicious and approached her to investigate. He requested her identification numerous times. Defendant did not respond to Officer Sullivan and did not present her identification to him. Officer Horlocker and Officer Sciullo were then dispatched to assist Officer Sullivan. Officer Horlocker and Officer Sciullo independently spoke to defendant and requested her identification. Defendant did not respond to either officer and never produced her identification. She was ultimately arrested and charged with resisting or obstructing a police officer.

Before trial, defendant filed a motion to dismiss and for an evidentiary hearing on the lawfulness of the officers' conduct. After a hearing, the district court concluded that the officers' conduct was lawful and the matter then proceeded to trial. On the first day of trial, before the jury was empaneled, the parties discussed the introduction of evidence regarding the lawfulness of the officers' conduct and whether the jury was to be instructed that the lawfulness of the officers' conduct was an element of resisting or obstructing a police officer. The district court ruled that it previously had determined that the officers' conduct was lawful, that no evidence could be presented at trial regarding the lawfulness of the officers' conduct or the legality of defendant's arrest, and that the jury was not to be instructed that the lawfulness of the officers' conduct was a factual issue for it to determine. Consequently, no evidence was presented at trial on the lawfulness of the officers' conduct and the jury did not consider that as one of the elements of the criminal allegation before it. Thus, the jury did not consider the lawfulness of the police officers' conduct and it then found defendant guilty of resisting or obstructing a police officer. [*Simmons I*, ___ Mich App at ___; slip op at 2.]

Defendant appealed her conviction to the circuit court, asserting, in part, that the district court erred by precluding evidence and argument regarding the lawfulness of the officers' conduct and by failing to instruct the jury about the lawful-arrest element of the offense. The prosecution did not respond to defendant's appeal or appear for the hearing. The circuit court agreed that the district court erred in the manner asserted by defendant:

> Even if the – somebody on behalf of the State of Michigan or the City of Warren did appear, on the merits, you win. This matter is reversed and a judgment of acquittal is entered in favor of the Defendant.

> * * *

> Congratulations and on behalf of the State of Michigan let me apologize to the Defendant for going through what you did go through. I mean, even if the instructions had been correct, I see no way that you could have been or should have been convicted on this evidence.

> * * *

> You're an innocent person. Finally the record caught up with that. Thank you. Okay.

The circuit court entered an order of acquittal "[f]or the reasons stated on the record . . . ."

The prosecution subsequently moved for reconsideration on the basis that defendant failed to serve her claim of appeal or related documents. The prosecution conceded that the district court committed evidentiary and instructional error, but argued that the appropriate remedy was remand for a new trial, rather than acquittal. Because the record did not reflect service on the prosecution, the circuit court set aside its order of acquittal and directed defendant to file a delayed application for leave to appeal. In connection with the delayed application, defendant argued that acquittal was the proper remedy because there was insufficient evidence at trial and double jeopardy barred retrial. The prosecution continued to maintain that the errors requiring reversal were evidentiary and instructional in nature, such that the appropriate remedy was remand for retrial so a jury could consider the lawful-arrest element in the first instance. In an opinion and order dated June 5, 2019, circuit court ultimately agreed with the prosecution, determined that the district court erred by removing the lawful-arrest element from the jury's consideration, and remanded to the district court for retrial.

Defendant's initial application for leave to appeal in this Court was denied for lack of merit on the grounds presented. *People v Simmons*, unpublished order of the Court of Appeals, entered July 30, 2019 (Docket No. 349547). Her motion for reconsideration was likewise denied. *People v Simmons*, unpublished order of the Court of Appeals, entered September 17, 2019 (Docket No. 349547). Defendant continued to pursue her appeal before our Supreme Court. In lieu of granting her application, our Supreme Court remanded the case to this Court for consideration as on leave granted. *People v Simmons*, 506 Mich 912 (2020).

Of the issues raised in that appeal, only defendant's double-jeopardy challenge is relevant at this juncture. A majority of the previous panel held that the circuit court's on-the-record

statements constituted an acquittal for purposes of the Double Jeopardy Clause, thereby baring retrial of the resisting-or-obstructing charge. *Simmons I*, ___ Mich App at ___; slip op at 7. Judge BECKERING dissented, reasoning that the circuit court, sitting as an appellate court, had authority to set aside its order of acquittal and that defendant's conviction was "logically reinstated" when the circuit court chose to do so. *Id*. at ___ (BECKERING, P.J., *dissenting*); slip op at 7-8. Moreover, because defendant was originally convicted by a jury, double jeopardy did not preclude the reinstatement or retrial after the conviction was set aside on the basis of a trial error. *Id*. at ___; slip op at 7-8.

The prosecution sought leave to appeal in our Supreme Court. In lieu of granting the application, our Supreme Court reversed this Court's holding that double jeopardy barred defendant's retrial. *Simmons II*, ___ Mich at ___; 971 NW2d at 223-224. Our Supreme Court explained that the circuit court's order of acquittal was not final because it remained subject to appellate review or reconsideration. *Id*. at ___; 971 NW2d at 224. Thus, when the circuit court properly exercised its authority under MCR 7.114(D) and MCR 2.119(F) to reconsider and reverse its own order, it eliminated double jeopardy concerns arising from its earlier determination of defendant's "innocence." *Id*. at ___; 971 NW2d at 224.

But that conclusion did not fully resolve the double-jeopardy issue. Our Supreme Court remanded the case to this Court with instructions to consider (1) "whether the circuit court found that the prosecution had failed to put forward sufficient evidence that the defendant's arrest was lawful" and (2), "if so, whether double jeopardy bars the defendant's retrial where an appellate court has determined that there was insufficient evidence to convict, but the insufficiency resulted from the district court's erroneous order granting a prosecution request." *Id*. at ___; 971 NW2d at 224. We do so now.

## II. STANDARD OF REVIEW

"[A] double jeopardy claim presents a question of law that is reviewed de novo." *People v Grace*, 258 Mich App 274, 278; 671 NW2d 554 (2003).

## III. DISCUSSION

The first issue that our Supreme Court directed us to address is "whether the circuit court found that the prosecution had failed to put forward sufficient evidence that the defendant's arrest was lawful."[1]

"Under both the Double Jeopardy Clause of the Michigan Constitution and its federal counterpart, an accused may not be 'twice put in jeopardy' for the same offense." *People v Lett*, 466 Mich 206, 213; 644 NW2d 743 (2002) (citations omitted). "[T]he Double Jeopardy Clause bars retrial following a court-decreed acquittal, even if the acquittal is based upon an egregiously erroneous foundation." *Evans v Mich*, 568 US 313, 318; 133 S Ct 1069; 185 L Ed 2d 124 (2013)

---

[1] This issue, we believe, refers to the circuit court's June 5, 2019 opinion and order following the motion for reconsideration, notwithstanding that the first sentence of the second paragraph of our Supreme Court's order seemingly suggests a particular resolution of this issue.

-4-

(quotation marks and citation omitted). To decide whether an acquittal has occurred, "the reviewing court must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." *People v Anderson*, 409 Mich 474, 486; 295 NW2d 482 (1980) (quotation marks and citation omitted). "There is an acquittal . . . when the judge evaluated the government's evidence and determined that it was legally insufficient to sustain a conviction." *Id*. (quotation marks and citation omitted).

In its June 5, 2019 opinion and order, the circuit court stated, in relevant part, as follows:

> On March 27, 2018, the trial court held an evidentiary hearing on the issue of whether the defendant's arrest was legal. The court held that it was. As a result of that ruling, the trial court precluded the defense from arguing to the jury, at trial, that the arresting officers acted illegally, and, therefore, not in the performance of their duties. Because of that ruling, evidence, testimony and arguments which the defendant would have pursued regarding that element were never allowed at the trial.
>
> The defendant was convicted as charged.
>
> * * *
>
> In 2002, the legislature enacted the current version of the resisting arrest statute . . . . As a result of the Supreme Court's decision in [*People v Moreno*, 491 Mich 38; 814 NW2d 624 (2012)], "the prosecution must establish that the officers acted lawfully as an actual element of the crime of resisting or obstructing a police officer under MCL 750.81d." *People v Quinn*, 305 Mich App 484, 492; 853 NW2d 383 (2014). Because the trial judge took that necessary element away from the jury, the conviction must be reversed, and a new trial is ordered. As with any element of a crime, it is the prosecutor's burden to prove beyond a reasonable doubt that the police acted legally in the arrest of the defendant. It is not the defendant's burden to prove that the police acted illegally.
>
> This court agrees with the prosecution that the appropriate remedy is reversal and remand for a new trial rather than dismissal. Where a verdict is overturned because of instructional error, the remedy is retrial, not acquittal. *People v Lynn*, 459 Mich 53; 586 NW2d 534 (1998). This court is guided in its holding by the closely analogous case of *People v Reed*, unpublished per curiam opinion of the Court of Appeals issued November 21, 2013 (Docket No. 311067). In that case the defendant was charged with resisting/obstructing a police office [sic]. The trial court conducted an evidentiary hearing to determine whether the officer's conduct was lawful. The trial court found the defendant to be the more credible witness and, based on the testimony in the pretrial hearing, dismissed the charge. The prosecution appealed, and the Court of Appeals reversed the trial court's dismissal. The Court of Appeals held that in reaching the decision that the officer acted illegally, the trial court decided an essential element of the charged offense. When the lawfulness of the police conduct is properly understood as an

element, it is a question of fact to be decided by the jury – and not by a judge. The Court held that the trial court's determination of this essential element usurped the jury's fact-finding function.

Applying the teachings of *People v Reed*, it is clear that the trial court in this case usurped the jury's fact-finding function. Similarly, if this court determined that the actions of the officers in this case were not lawful, this court would be committing the same error in usurping the jury's function.

Defendant-appellant's request for a dismissal without a retrial must be denied. The insufficiency of the evidence on the element of proving that the officers were in the lawful performance of their duties arises from the error of the court and not from any wrongdoing on the part of the prosecution. Therefore, the remedy of dismissal with prejudice is not proper.

We conclude that the circuit court did not resolve the lawfulness element of the charged offense. In its opinion and order, the circuit court stated that a new trial was warranted "[b]ecause the trial judge took that necessary element away from the jury." The circuit court added that the verdict must be "overturned because of instructional error" and that the district court "usurped the jury's fact-finding function." In support of its reasoning in this regard, the circuit court cited two cases, *Lynn* and *Reed*. Neither of those cases involved an acquittal, legally insufficient evidence, or otherwise implicated double jeopardy. Importantly, the circuit court expressly declined to "determine[] that the actions of the officers in this case were not lawful." Therefore, because the circuit court held that a new trial was warranted because of instructional error, not legally insufficient evidence, double jeopardy does not bar retrial. See *People v Houston*, 792 F3d 663, 670 (CA 6, 2015).

It is true that the circuit court noted near the end of its opinion and order that "[t]he insufficiency of the evidence on the element of proving that the officers were in the lawful performance of their duties arises from the error of the court and not from any wrongdoing on the part of the prosecution." While this statement explicitly references the "insufficiency of the evidence," it is clear from context that the circuit court used that phrase only to respond to defendant's position that the case should be dismissed and not to convey that the circuit court evaluated the prosecution's evidence on the challenged element and found it wanting. Again, the circuit court expressly declined to "determine[] that the actions of the officers in this case were not lawful."

For these reasons, the circuit court did not find that the prosecution had failed to put forward sufficient evidence that defendant's arrest was lawful. Instead, the circuit court merely determined that the lawfulness element of the offense was improperly removed from the jury's consideration through instructional error. Consequently, because the opinion and order was not an "acquittal" for the purposes of double jeopardy, see *Anderson*, 409 Mich at 485-486, a retrial of defendant is not barred on that basis.

## IV. CONCLUSION

We conclude that the circuit court did not find that the prosecution had failed to put forward sufficient evidence that defendant's arrest was lawful. Accordingly, we affirm the circuit court and remand this matter to the district court for further proceedings consistent with our opinion. We do not retain jurisdiction.[2]

/s/ Michael J. Riordan
/s/ Mark J. Cavanagh
/s/ Kathleen Jansen

---

[2] Having resolved the first issue identified by our Supreme Court in the negative, we need not address the conditional second issue identified by that Court.