*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CHRISTOPHER ANDREW SHAFT,

Defendant-Appellant.

UNPUBLISHED
May 18, 2026
11:51 AM

No. 373642
Tuscola Circuit Court
LC No. 2024-016466-FH

Before: ACKERMAN, P.J., and BORRELLO and LETICA, JJ.

PER CURIAM.

Defendant appeals as of right his jury conviction of carrying a concealed weapon (CCW), MCL 750.227(1). He was sentenced as a fourth-offense habitual offender, MCL 769.12, to 210 days in jail with credit for 131 days served. On appeal, he argues that the evidence was insufficient to support his conviction. We agree. Because the prosecution presented no evidence that defendant used or intended to use the butterfly knife as a weapon for bodily assault or defense, the evidence was insufficient to establish that the knife constituted a "dangerous weapon" under MCL 750.227(1). We therefore reverse defendant's conviction and sentence.

## I. BACKGROUND

On April 10, 2024, at approximately 11:20 p.m., Caro Police Department Officers David Peters and Sam Gaiser were patrolling the Tuscola County Fairgrounds when they observed a pickup truck parked inside the fairgrounds. The officers approached the truck to investigate and made contact with defendant, who was sitting in the driver's seat playing a Nintendo Switch. Defendant, who was homeless and living in his truck, explained that he was at the fairgrounds to charge his mobile devices. Officer Peters informed defendant that the fairgrounds were closed and requested identification. Defendant set the Nintendo Switch on the center console, located his identification, and produced it. At the same time, Officer Gaiser noticed a knife resting on top of the center console and alerted Officer Peters, who asked defendant to step out of the truck.

After defendant exited, Officer Peters advised that he needed to conduct a pat down for weapons. Defendant stated that he had a pocketknife on his person, which Officer Peters recovered from his pants pocket. When asked whether there were any other weapons in the truck, defendant

-1-

said there was a "camp knife" inside and consented to a search of the vehicle. During the search, Officer Gaiser located two knives: the fixed-blade "camp knife" observed on top of the center console and a black butterfly knife found inside the center console. The blade of the butterfly knife was four inches long, sharp, and folded into the knife's handle.

Defendant told the officers that he used the butterfly knife for "party tricks with his friends" and had forgotten it was in the truck. He said that he used the camp knife for "cutting fat wood," though at that time he was using it to make peanut butter sandwiches, and the pocketknife for making "feather sticks to make fires." Officer Gaiser testified that it was immediately apparent to him that the butterfly knife could "pose as a dangerous weapon" and was "within essentially arm's distance of the driver's seat," but Officer Peters testified that defendant did not say or do anything suggesting he intended to use the knife in a dangerous way.

Defendant was charged with three counts of CCW, one count for each knife recovered during the encounter. The jury convicted him of CCW with respect to the butterfly knife but acquitted him of the charges involving the camp knife and pocketknife. The trial court sentenced him as described above, and this appeal followed.

## II. DISCUSSION

At issue in this appeal is whether the prosecution presented sufficient evidence to sustain defendant's CCW conviction.

We review de novo a challenge to the sufficiency of the evidence, viewing the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements of the crime were proven beyond a reasonable doubt. *People v Kenny*, 332 Mich App 394, 402-403; 956 NW2d 562 (2020). "But more importantly, '[t]he standard of review is deferential: a reviewing court is *required* to draw all reasonable inferences and make credibility choices in support of the jury verdict.'" *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018), quoting *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000) (alteration in original). The prosecution is not required to disprove every reasonable theory of a defendant's innocence; it "need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant." *Kenny*, 332 Mich App at 403. This Court resolves any conflicts in the evidence in favor of the prosecution. *Id*.

"[D]ue process requires the prosecution to prove every element beyond a reasonable doubt." *Oros*, 502 Mich at 239 n 3. Defendant was convicted of violating MCL 750.227(1), which provides:

> A person shall not carry a dagger, dirk, stiletto, a double-edged nonfolding stabbing instrument of any length, or any other dangerous weapon, except a hunting knife adapted and carried as such, concealed on or about his or her person, or whether concealed or otherwise in any vehicle operated or occupied by the person, except in his or her dwelling house, place of business or on other land possessed by the person.

Defendant does not dispute that the butterfly knife was concealed in the center console of his truck. The question is whether the prosecution presented sufficient evidence that the butterfly knife constituted a "dangerous weapon" within the meaning of MCL 750.227(1).

The CCW statute "in effect provides that several categories of knives and stabbing instruments are dangerous weapons per se." *People v Lynn*, 459 Mich 53, 58; 586 NW2d 534 (1998). "If the jury finds that the object is a dagger, dirk, stiletto, or a double-edged nonfolding stabbing instrument, no further inquiry is required regarding whether the item is within the class of weapons the carrying of which in a vehicle is prohibited." *Id*. (cleaned up). But "[i]f an item does not fall within one of those categories, the prosecution must proceed on the theory that it falls within the 'other dangerous weapon' category." *Id*. When a defendant is charged with carrying an "other dangerous weapon," the prosecution bears the burden of proving "that the instrument was used, or intended for use, as a weapon for bodily assault or defense." *People v Brown*, 406 Mich 215, 222; 277 NW2d 155 (1979).

The prosecution contends on appeal that the list of weapons in MCL 750.227(1) is not exhaustive and that it could—and did—prove that the butterfly knife was per se dangerous by presenting evidence of its characteristics. That argument is foreclosed by *Lynn*, which holds that if an instrument is not a dagger, dirk, stiletto, or double-edged nonfolding stabbing instrument, the prosecution must proceed on the theory that the instrument is an "other dangerous weapon." *Lynn*, 459 Mich at 58; see also *People v Triplett*, 499 Mich 52, 55; 878 NW2d 811 (2016) (holding that when a defendant is not alleged to possess any of the weapons "specifically identified in the statute," the prosecution must prove that the instrument carried by the defendant was an "other dangerous weapon").

Moreover, the prosecution at trial did not proceed on the theory that the butterfly knife constituted a dangerous weapon per se. Rather, it asserted that the butterfly knife was a "dangerous stabbing weapon," and the jury was instructed consistent with M Crim JI 11.4:

> A dangerous stabbing weapon is any object that is carried as a weapon for bodily assault or defense and that is likely to cause serious physical injury or death when used as a stabbing weapon.

> Some objects, such as guns or bombs, are dangerous because they are specifically designed to be dangerous. Other objects are designed for peaceful purposes but may be used as dangerous weapons. The way an object is carried determines whether or not it is a dangerous weapon. If an object is carried for use as a stabbing weapon, and is likely to cause serious physical injury or death when used as a stabbing weapon, it is a dangerous stabbing weapon.

> You must decide from all of the facts and circumstances whether the evidence shows that the knives in question here were a dangerous stabbing weapon.

In other words, the prosecution proceeded on the theory that the butterfly knife was an "other dangerous weapon," and it therefore bore the burden of proving "that the instrument was used, or intended for use, as a weapon for bodily assault or defense." *Brown*, 406 Mich at 222-223.

The prosecution did not meet that burden. The evidence showed that defendant was seated in his truck, playing a video game and eating a sandwich when the officers approached. He was polite, cooperative, and consented to a search of the vehicle. The butterfly knife was found in the center console, beneath other items. Defendant told officers—and later testified—that he used the knife for "party tricks with his friends" and had forgotten it was in the truck. Officer Peters confirmed that defendant said or did nothing suggesting an intent to use the knife in a dangerous way.

Although both Officer Gaiser and defendant acknowledged that the butterfly knife *could* be used as a dangerous weapon, that possibility alone is insufficient to establish that "defendant used the instrument, or was carrying the instrument for the purpose of use, as a weapon." *Triplett*, 499 Mich at 56; see also *Brown*, 406 Mich at 223 ("[M]ere proof that defendant knew that a machete could be used as a dangerous weapon does not support a conviction under MCL 750.227."). The prosecution presented no evidence contradicting defendant's explanation or supporting an inference that he intended to use the knife for assaultive or defensive purposes. On this record, the evidence was insufficient to establish that the butterfly knife was a "dangerous weapon" within the meaning of MCL 750.227(1).

Accordingly, we reverse defendant's conviction and sentence and remand for entry of a judgment of acquittal.

/s/ Matthew S. Ackerman
/s/ Stephen L. Borrello